THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN ELLSESSOR, Appellant.

County Court, Allegany County, January 3, 1967.

*Wayne A. Feeman* for appellant. *Edward F. Mergler,*
*District Attorney* (*Jack T. D'Arcy* of counsel), for respondent.

WILLIAM W. SERRA, J. The defendant has been convicted in
the Court of Special Sessions of the Town of Scio with violating
section 1111 (subd. [d], par. 1) of the Vehicle and Traffic Law
of the State of New York, more particularly in driving through
a red traffic control signal without stopping on the 24th day
of January, 1966.

The testimony of the State Police officer is to the effect that
he was proceeding in a northerly direction on New York State
Highway, Route 19, in the Town of Scio, when he approached
the intersection of County Road 9 and stopped behind a truck
and another car at the red light. The vehicle of the defendant,
then proceeding in a southerly direction on New York State
Highway, Route 19, passed through the intersection while the
cars were stopped and the light was red on the side of the police
officer. The police officer testified that he then turned around,
pursued the defendant and overtook him about three quarters
of a mile southerly from the intersection and gave him a
summons for going through the red light at the intersection.

He testified that the defendant saw him as he drove by him
and also that he denied going through the red light when appre-
hended, stating that the defendant thought it was a caution
light. He testified that he then returned to the intersection
and checked the signal light to determine whether it would be
red for southbound traffic when it was also red for northbound
traffic. That after inspecting and checking the light, he deter-
mined that it was functioning properly and that it would be
red for both directions at the same time. The defendant
testified that when he went through the intersection the light
was green and it changed from green to amber color and blinked
three or four times. He did not look at it any more and
continued on and went through it.

The lower court having found upon the testimony that the
proof of the police officer was to be believed, the question is
now reduced to a question of law as to whether or not the proof
of the police officer is adequate in view of the cases of *People*
v. *Bates* (26 Misc 2d 862 [1960]) and *People* v. *Parker* (43 Misc
2d 1081 [1964]). In the *Bates* case there was no proof directly
of the manner of functioning of the light on the side through
which it was charged the defendant had come, and the court

held that the burden had not been met. In the *Parker* case, the police officer had observed that the traffic signal was working properly both before and after the violation and the court held this valid corroboration necessary to support the assumption that when the light facing in one direction was green, the light perpendicular to it was red. Since the police officer in this case did not see or check the functioning of the light in the direction from which the defendant was coming prior to the alleged violation, we are now then to determine whether the checking of the light after the violation at a time in close proximity with the violation is sufficient to support the conviction. It is never possible to exclude to a mathematical certainty every hypothesis of variance from the proof submitted in any case, and we are entitled to the inference, at least, that mechanical devices long in use and designed for the control of traffic be accepted as being of some continuity in function. It would be idle gesture to assume that after many years of use and design and study in the manufacture of traffic devices that every device had to be proven by engineers or experts to be infallible by test performed immediately before and after every violation. It is a reasonable inference that a traffic device which was properly functioning a matter of minutes after a violation was also properly functioning at the time of the violation. The conviction of the defendant is sustained and affirmed.